United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-32399 |
| ST. SEBASTIAN'S HOTELS, LLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| ST. SEBASTINE'S HOTELS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3274 |
| | § | |
| OLYMPIA HOSPITALITY, LLC, | § | |
| SONNY THOTTUMKAL, AND | § | |
| ABRAHAM THOMAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This adversary was filed on December 28, 2023, by St. Sebastian's Hotels, LLC against Olympia Hospitality, LLC, Abraham Thomas, and Sonny Thottumkal complaining that the defendants failed to maintain and insure the Oyo Hotel at 815 U.S. Highway 281, Alice, Texas 78332 (the "Hotel"). The Complaint also alleges that the defendants breached a contract with the plaintiff by failing to make installment payments to a lienholder, United Business Bank, which led to the posting of the Hotel for foreclosure. The plaintiff is seeking actual damages, punitive damages and attorneys' fees from the defendants.

### JURISDICTION

Jurisdiction is proper per 28 U.S.C. § 1334. The parties have consented to jurisdiction before the bankruptcy court and the entry of a final judgment in this adversary proceeding, subject to

traditional rights of appeal.[1] This adversary proceeding arises under bankruptcy case number 23-32399 pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Trial of this adversary proceeding was held on December 4, 2024. The plaintiff, St. Sebastian's Hotels, LLC ("Sebastian" or "Plaintiff") appeared by its member representatives Benny Thottumkal ("Benny") and Mathew Thottumkal Varghese ("Mathew") and the individual defendants Abraham Thomas ("Abraham") and Sonny Thottumkal ("Sonny") appeared both individually and as member representatives of defendant Olympia Hospitality, LLC ("Olympia"). All of the individuals named herein have affinity and a family relationship. For the reasons so stated the Court issues a judgment for the plaintiff St. Sebastian's Hotels, LLC against defendant, Olympia Hospitality, LLC in the amount of $974,582.85 and a take nothing judgment against Abraham Thomas and Sonny Thottumkal.

The parties have entered a Pretrial Stipulation (ECF No. 67)[2] which the Court adopts as part of its factual findings. This case has not been well litigated, and the trial was held on incomplete discovery. Defendants Abraham and Sonny were each served Admissions, Interrogatories and a Request for Production on August 12, 2024[3] which went unanswered. As to the 54 admissions propounded to them both, some of which are conflicting, they are now deemed admitted, however the Plaintiff never sought to compel the individual defendants to answer the interrogatories or produce documents, so there were no interrogatory answers and no production of documents by the individual defendants. None of the defendants ever engaged in any discovery. So, while the Court is willing to find the admissions deemed admitted, the Court stresses that the Plaintiff still

---

[1] Pretrial Stipulation, ECF No. 67.
[2] The pretrial references the plaintiff as St. Sebas<u>tian's</u> Hotels, LLC, the docket reflects that the plaintiff is St. Sebas<u>tine's</u> Hotel's, LLC. which appears to be a misspelling.
[3] ECF No. 63-11 and 63-12

has a burden to meet and that the record in this case is muddled at best and the Plaintiff has failed, in part, to meet its burden.

Much like a divorce proceeding between unsatisfied spouses, the testimony between the family members involved in this litigation is at best befuddling and entirely at odds. If one believes the Plaintiff then the Hotel, the subject of the litigation, was fully functional with 95 rentable rooms, was extremely well maintained with a swimming pool and a functioning restaurant at the time of the purported transfer from Sebastian to the defendant, Olympia. If one believes the individual defendants, then the Hotel was as described in the testimony a "roach trap" at the date of transfer with only 13 of 95 rooms rentable at the time of the transfer, with a non-functioning swimming pool and that otherwise the hotel needed substantial repairs and updating. Pictures were introduced into evidence but given the conflicting and contested testimony regarding who took the pictures, when they were taken and what they represent, the Court totally discounts that they fairly and accurately represented the hotel during the periods that are relevant to this litigation.

The parties entered into a Sales and Purchase Agreement signed December 6, 2019 (the "Agreement").[4] It was drafted by Sonny's unnamed lawyer and is not well drafted. Irrespective of its terms, after it was signed Olympia took possession of the Hotel and it was managed by Abraham and Sonny until such time as the Plaintiff received a Court order to retake possession on August 10, 2023.[5] The Court finds the Agreement enforceable. However, irrespective of the claim that Olympia stopped paying under that Agreement due to a default of the Plaintiff, i.e., the failure to transfer membership interest, the Court finds that there was no default by the Plaintiff. Any claims of default were mooted, waived, forfeited[6] or barred by laches by the continued actions of

---

[4] ECF 63-1
[5] Adversary No. 23-3130, ECF Nos. 21 and 25.
[6] The Court holds that Olympia, Abraham and Sonny had the knowledge and intent to waive strict compliance by the plaintiff.

the defendants, i.e. possession and operation of the Hotel by Olympia, Abraham and Sonny until the date of the turnover order on August 10, 2023, a period of more than 3 ½ years. The Court additionally notes that in the Adversary Proceeding where Sebastian sought turnover of the Hotel from Olympia, there were no defenses raised by Olympia that the Plaintiff had defaulted under the Agreement. This alleged defense of Olympia, Abraham and Sonny seems to be manufactured for trial of this adversary proceeding.

Olympia defaulted under the terms of the Agreement. That Agreement called for a purchase price of $1,100,000.00 payable in part by the assumption of outstanding indebtedness of $800,000.00 and a monthly payment of $2,083.33 per month for 120 months to Sebastian. Olympia defaulted on payments on the assumed debt and on the monthly payments at various times beginning in January of 2021. Due to the default, $900,172.85 was owed on the assumed indebtedness as of the petition date of the main bankruptcy case[7] and $241,000.00[8] was due on the monthly installment payment. However, Sebastian has regained possession of the Hotel and is currently operating it. Judgment for the Plaintiff for breach of the Agreement for Sebastian against Olympia should issue; however, there has been mitigation of damages by the recovery of possession of the Hotel. The Court then looks to see what evidence was presented to allow the Court to grant a credit against Sebastian's damages. The only evidence at trial showing the current value of the hotel, and even it is not truly current, is the Proof of Claim of Jim Wells County Central Appraisal District (Claim 3) referencing an appraised tax value of $170,985.00 for tax year 2022, almost two years ago.

Plaintiff also requests further damages some of which the Court finds are duplicative as those amounts were included in United Business Bank's Proof of Claim which now exceeds the debt

---

[7] Proof of Claim No. 2, United Business Bank
[8] Admit that as of October 17, 2022, Olympia owed at least $241,000.00 to Plaintiff under the Sale Agreement.

assumed by Olympia at purchase of $800,000.00 by more than $100,000.00. The Proof of Claim includes amounts for property taxes[9] and force placed insurance. Sebastian also requests damages for unaccounted amounts, including plumbing costs, missing furniture, and missing electronics from the Hotel's rooms. Ultimately, however, these claims for further damage are muddled by a very unclear and confusing record. As to these claims the Court finds the Plaintiff has not met its burden. One deemed admission does however provide an additional basis for a further damage award for the Plaintiff against Olympia for $4,395.00 for the unpaid plumbing bill.[10]

As to the individual defendants, Sebastian raises several claims in the Pretrial Stipulation that Abraham and Sonny "breached their fiduciary duty towards Olympia and were personally responsible for the losses to the hotel" and that "the lack of any financial records is an action to commit conversion and fraud." The Plaintiff cites in closing argument *Keyes v. Weller,* 692 S.W. 3d 274 (Tex. 2024) for the proposition that Abraham and Sonny have personal liability even though the Agreement is only between two LLCs to wit, Sebastian and Olympia.

As to the these claims the Court cannot find evidence of fraud in the record. It finds that the Plaintiff has failed in its burden of proof. The Court reiterates that there was no production of financial records by Abraham and Sonny due to their non-responsiveness to the Request for Production. The Plaintiff did not seek to compel the production of these records, and they did exist. As found in the trial court record Olympia attempted to introduce 66 pages of bank statements of into the record and the Plaintiff objected due to their prior non-production which the Court then sustained. These bank statements are therefore not part of the trial record. What is missing from the trial record is direct evidence that Abraham and Sonny perpetrated an actual

---

[9] There are 6 deemed admissions that Olympia failed to pay ad valorem taxes, however, there was no accounting for amounts or for amounts already provided in the Proof of Claim of United Business Bank. That Proof of Claim includes $104,751.60 in property taxes and $59,521.93 in force placed insurance.

[10] Admit that as of October 17, 2022, the Plaintiff had spent at least $4,395.00 for plumbing services for the Hotel.

fraud on Benny and Mathew for **their direct personal benefit**. The Court assumes that bank records could have provided evidence that Benny and Mathew received such diverted funds or that properly drafted admissions could have also accomplished this task. For the first six months after the execution of the Agreement, witnesses testified Olympia's Hotel funds were deposited as a whole or in part into a bank account controlled by the Plaintiff. None of these bank records under the control of the Plaintiff were introduced into evidence and the Plaintiff never sought to compel production of the other Olympia bank records or obtain them by subpoena. The Court holds that while the documents were not produced, the failure of the Plaintiff to take further action to compel production does not alleviate its burden of proof as to a required finding of direct personal benefit by the individual defendants. Additionally, in reviewing the 54 deemed admissions against Benny and Mathew the Court finds that none of these deemed admissions allow the Court to make the required holding of a direct personal benefit. While the Court acknowledges that the Plaintiff's witnesses made sweeping allegations that the individual defendants fleeced cash and property from Olympia these allegations were unsupported by any direct evidence and the Court finds them not credible.

Section 21.223(b) of the Texas Business Organizations Code—the veil piercing statute—predicates veil piercing on actual fraud. The provision states that liability is not limited if the plaintiff "demonstrates that the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily **for the direct personal benefit** of the holder, beneficial owner, subscriber, or affiliate." Tex. Bus. Orgs. Code Ann. § 21.223(b) (West); *see Keyes v. Weller*, *supra*. "As her fraud claims fail, so too does her request to pierce the corporate veil." *In re Cogent Energy*

*Services, LLC*, Case No. 23-33659, Adv. No. 23-3212, 2024 WL 3770041 (Bankr. S.D. Tex. 8/12/24).

Under the American Rule, each party pays its own attorney's fees arising out of litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 441 L. Ed 2d 141 (1975). An exception exists when specific authority is granted by statute or a contract states otherwise. Under Texas law, a party is entitled to attorneys' fees when either a contract provides for such fees, or when a statute indicates it may recover fees. *In re Kakal,* 596 B.R. 335 (Bankr. S.D. Tex. 2019). The Plaintiff does not state any authority for an award of attorneys' fees in the Complaint, only that it should be granted to Sebastian as an "enhancement." Accordingly, the Plaintiff cannot claim a right to attorneys' fees under Texas or Federal law.

The Court accordingly awards a judgment to Sebastian against Olympia for the sum of $974,582.85,[11] plus post judgment interest at the federal judgment rate of 4.35%. The Court additionally issues a take nothing judgment as to Abraham and Sonny.

SIGNED 12/04/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[11] The amount due on the Proof of Claim of United Business Bank of $900,172.85, plus the unpaid $241,000 due from Olympia to Sebastian, plus the deemed unpaid plumbing bill of $4,395, less the 2022 Appraised Tax Value of $170.985.